IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| D.M.C. ENTERPRISES, INC., an Alabama Corporation, d/b/a DEAN McCRARY IMPORTS, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2010-153 |
| vs. | § | |
| BEST McALLISTER, LLC, d/b/a JACKSON IMPORTS, also d/b/a AUDI OF JACKSON | § § | |
| Defendant. | § | |

## RESPONSE TO MOTION TO REMAND

COMES NOW Defendant, Best McAllister, LLC ("Best McAllister"), and for its Response to the Motion to Remand filed by Plaintiff, D.M.C. Enterprises, Inc. ("D.M.C."), states as follows:

As set forth in Best McAllister's Notice of Removal, D.M.C.'s Complaint asserts four counts arising out of the inter-dealer sale of a vehicle by Best McAllister to D.M.C. and the subsequent repair of said vehicle by D.M.C. The counts are: Count 1 – fraud; Count II – breach of contract; Count III – violation of the Alabama Deceptive Trade Practices Act ("ADTPA"); and Count IV – violation of Miss. Code § 97-23-3, commonly referred to as the "Mississippi Unfair or Deceptive Acts and Practices Act" ("MUDAPA"). (*See* Complaint, attached to the

Notice of Removal as Ex. "A"). For each count, D.M.C. demanded judgment in the total amount of $74,000. (*Id.*) Best McAllister removed the action on diversity of citizenship grounds, for which the amount in controversy requirement was satisfied by aggregating D.M.C.'s ADTPA count with its fraud count and/or its MUDAPA count.

 D.M.C. argues in its Motion to Remand that all four counts are essentially alternate theories of obtaining the same recovery. However, Ala. Code § 8-19-15 clearly provides that a plaintiff cannot maintain an ADTPA claim and a fraud-type claim within the same action if both claims are based on same "act, occurrence or transaction…" Because the ADTPA count was not pled in the alternative to the fraud count or the MUDAPA count (which is a fraud-based statutory remedy), Best McAllister, for purposes of testing the Complaint, can only assume that the ADTPA count is based on a separate "act, occurrence or transaction" than the fraud count or the MUDAPA count. Otherwise, the fraud and MUDAPA counts could not coexist with the ADTPA count.[1]

 Also, D.M.C.'s counsel, J. Cecil Gardner, asserts in the Motion to Remand

---

[1] Best McAllister is not speculating or reading into the Complaint. The ADTPA count only addresses Best McAllister's alleged actions involving the physical damage to the vehicle and subsequent repair by D.M.C. Thus, it is entirely reasonable to conclude from the face of the Complaint that D.M.C. intended to treat Best McAllister's alleged actions regarding the physical damage to and repair of the vehicle as a separate act, occurrence or transaction from Best McAllister's alleged actions in passing off a stolen vehicle as "new".

that "Plaintiff did not seek, does not seek, and will not accept, a recovery greater than $74,000 in total." (Motion to Remand, Court Doc. 6, p. 4).  While Best McAllister certainly does not question the veracity of Mr. Gardner's statement and while Best McAllister understands that such representations by counsel are to be afforded great deference by the Court, this does not alter the fact that the Complaint, as written, seeks at least two claims for $74,000 that, by law, must be separate and independent from one another (i.e. not alternate theories for the same recovery).  Because the diversity of the parties is undisputed and because the Complaint must be construed as seeking an award of damages of, at least, $148,000 (Count III plus Count I or IV), this Court has jurisdiction. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (stating that "28 USC §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.")

                                            Respectfully submitted,

                                            s/Benjamin Y. Ford
                                            Benjamin Y. Ford (FORDB6432)
                                            ARMBRECHT JACKSON LLP
                                            Post Office Box 290
                                            Mobile, Alabama 36601

        Telephone: (251) 405-1300
        Fax:       (251) 432-6843
        byf@ajlaw.com

        Attorneys for Defendant Best McAllister, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 13th day of May, 2010, filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice of such filing to the following:

J. Cecil Gardner, Esq.
THE GARDNER FIRM, P.C.
P.O. Drawer 3103
Mobile, Alabama 36652

        s/Benjamin Y. Ford