# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

D.M.C. ENTERPRISES, INC., an )
Alabama corporation d/b/a DEAN
McCRARY IMPORTS, )

                  Plaintiff, )

v. )     CIVIL ACTION NO. 10-00153-CB-N

BEST McALLISTER, LLC, )
d/b/a JACKSON IMPORTS, also
d/b/a AUDI OF JACKSON, )

                  Defendant. )

## OPINION and ORDER

This action was removed from the Circuit Court of Mobile County on the basis of diversity jurisdiction. The Plaintiff has filed a motion to remand, and Defendant has responded. (Docs. 6 & 8) At issue is whether the amount of damages asserted in the *ad damnum* clause in each of the complaint's four counts can be aggregated to satisfy the jurisdictional minimum. For reasons stated below, the Court finds that the amounts cannot be aggregated and that remand is required.

## Factual and Procedural Background

The complaint, which is fairly straightforward, contains four counts—common law fraud (Count I), breach of contract (Count II), violation of the Alabama Deceptive Trade Practices Act (ADTPA) (Count III) and violation of the Mississippi False Advertising Act (Count IV). The relevant facts are set forth in Counts I and II and incorporated by reference in each of the remaining counts. Plaintiff D.M.C. Enterprises, Inc. (DMC) and Defendant Best McAllister, LLC (Best McAllister), both operated new car dealerships—DMC in Mobile, Alabama and Best McAllister in Jackson, Mississippi. On or about August 31, 2009, the two negotiated a "dealer swap" for a 2009 Audi model A4. A "dealer swap" is a transaction in which a one dealer sells an automobile to another dealer because the automobile matches specifications desired by the purchasing dealer's

retail customer. In such a situation, "the selling dealer is or should be well aware that the dealer purchasing the car intends to sell the car as a new car to a retail customer." (Compl., Doc. 1-2, ¶ 2.) Moreover, "the Defendant represented to the Plaintiff that the automobile described [in the complaint] was a new vehicle meeting the specifications required by Plaintiff for sale as a new vehicle to a retail customer." (*Id.*) These representations were false because, as Defendant knew, the automobile "had been stolen from Defendant's lot on July 16, 2009 and retrieved by Defendant in a damaged condition necessitating repairs." (*Id.* ¶ 3.) Plaintiff believed those representations and relied on them in purchasing the automobile. The automobile could not be sold as new but, instead, "had to be sold as a vehicle which was stolen and recovered." (*Id.* ¶ 6.) Count III additionally alleges that the Defendant sold the Plaintiff "a vehicle with material damage, the cost of repair of which exceeded three percent of the manufacturer's suggested retail price for the automobile" and that Defendant failed to fulfill its duty to notify the Plaintiff of the damage to the automobile . (*Id.* ¶ 7.) Each of the complaint's four counts contains an *ad damnum* clause, seeking damages "in the total sum of seventy-four thousand dollars ($74,000.00)" including attorney fees,[1] interest and costs and "such other relief to which Plaintiff is entitled." (*Id.* pp. 2-4.)

The removal petition invokes this Court's removal jurisdiction under 28 U.S.C. § 1441 based on diversity jurisdiction conferred by 28 U.S.C. § 1332. DMC is an Alabama corporation with its principal place of business in Alabama. Best McAllister is a Mississippi limited liability corporation with its principal place of business in Mississippi. None of Best McAllister's members are citizens of Alabama. The removal petition asserts that the amount in controversy is greater than $75,000 because the damages sought in at least some of the four counts can be aggregated.

**Legal Analysis**

---

[1] It should be noted that Count II's *ad damnum* clause makes no specific reference to attorney's fees, but it does include "such other relief to which Plaintiff is entitled."

Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A removing defendant bears the burden of establishing the existence of federal jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.2d 1069 (11th Cir. 2000). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332. Since there is no question that plaintiff and defendants are residents of different states, the only issue with regard to diversity jurisdiction is whether the amount-in-controversy requirement is satisfied. The defendant's burden of proving the amount in controversy may be heavier or lighter, depending on the allegations in the plaintiff's complaint. If the plaintiff demands a specific amount of damages below the jurisdictional minimum, then the defendant's burden is a heavy one, requiring proof to a legal certainty that the amount in controversy is greater than $75,000. *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994). On the other hand, if the complaint is for an indeterminate amount, the defendant "removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [ ] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357.

At first glance it would appear that by asserting a sum certain ($74,000), Plaintiff has limited relief to an amount below the jurisdictional minimum. However, Plaintiff's insertion of an *ad damnum* clause after each of the four counts has opened the door, ever so slightly, to jurisdictional uncertainty. "The general rule is that claims brought by a single plaintiff can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other." *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3rd Cir. 1997). However, "if these claims are alternative bases of recovery for the same harm under state law, [plaintiff] could not recover damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." *Id.* Plaintiff asserts that the complaint asserts four various theories of recovery for the same harm;

therefore, the $74,000 demand should be counted only once. Defendant, on the other hand, argues that at one of the counts (Count III) is based on a separate act or occurrence and seeks damages for a separate harm. If Defendant's argument were to prevail, then the damages claimed in Count III would be in addition to the $74,000 total for Counts I, II and IV.

Defendant's argument is tenuous, at best. Defendant points out that Count III is based on the ADTPA, which prohibits a plaintiff from recovering under both ADTPA and other fraud-based remedies. *See* Ala. Code § 8-9-15(a) (1975) (requiring election of remedies). According to Defendant, because Count III was not specifically pled as an alternative remedy to Counts I and IV, which are fraud-based counts, then it must be based on different facts and a different harm.[2] Defendant also assumes that Count III must be based on different harm because "[o]therwise, [Counts I and IV] could not coexist with the ADTPA count." (Doc. 8 at 4.) The premise of these arguments—that claims not specifically pled in the alternative are presumed to be based on different facts--is based on a pleading practice that became extinct more than twenty-five years ago. Under Alabama law, there is no requirement that a plaintiff plead remedies in the alternative or even make an election of remedies prior to the conclusion of trial. *See, e.g., Ex Parte King*, 591 So. 2d 464, 466-67 (Ala. 1991) (plaintiff may "plead alternative, inconsistent and mutually exclusive claims"); *USF&G v. Warwick Dev. Co., Inc.,* 446 So. 2d 1021, 1025 (Ala. 1984) (holding that plaintiff may submit case to jury on alternative theories of liability and noting that "recent cases interpreting ARCP 8(a) clearly evidence an erosion of the former practice of requiring the plaintiff's lawyer to elect as

---

[2] Defendant further argues that the complaint can be read to assert two different harms or occurrences—one involving "the physical damage to and repair of the vehicle" (Count III) and the other involving Defendant's representing a stolen vehicle to be new (Counts I, II & IV). Defendant's argument is based on its assertion that Count III "only addresses [Defendant's] alleged actions involving the physical damage to the vehicle and subsequent repair by D.M.C." (Doc. 8 at 2 n. 1.) No matter how Defendant attempts to parse the facts, each count arises from the same facts which resulted in the same harm. Defendant allegedly sold to Plaintiff a vehicle which was represented to be new when, in fact, Defendant was aware that the vehicle had been stolen, damaged, recovered and repaired.

4

between alternative remedies or theories of recovery). In sum, Defendant's argument is quite unconvincing. Each count of the complaint asserts an alternative basis of recovery for the same harm and, therefore, cannot be aggregated for jurisdictional purposes.

**Conclusion**

For the reasons discussed above, the Defendant has failed to persuade the Court that the amount in controversy exceeds $75,000. Accordingly, the motion to remand is **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Mobile County.

**DONE** and **ORDERED** this the 4th day of August, 2010.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**